### McDONALD v. STERLING et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ATTACHMENT BY ASSIGNEE AGAINST ASSIGNOR.

   Where an assignee for the benefit of creditors, who was also a creditor of the assignor, levied an attachment on the assigned property, a subsequent attaching creditor cannot attack the assignee's attachment on the ground that it was a breach of his trust as assignee.

2. ATTACHMENT—MOTION TO VACATE.

   A junior attaching creditor cannot, on a motion to vacate the prior attachment, deny that the affidavits filed in support of the prior attachment are insufficient proof of the ground thereof, and at the same time use such affidavits to support his own attachment on the same ground.

Appeal from special term, Kings county.

Action by Joseph J. McDonald against Charles H. Sterling and others. From an order granting the motion of the Niagara Falls Paper Company, a subsequent attaching creditor, to dissolve plaintiff's attachment, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

James P. Judge, for appellant.
E. Conway, for respondent.

CULLEN, J. On June 14, 1889, the defendants made a general assignment to the plaintiff, who was one of the creditors. On June 25th the plaintiff brought this action against the defendants for his claim, and, upon affidavits tending to show that the assignment made by the latter was fraudulent, obtained an attachment, which was levied upon the assigned property. Subsequently the Niagara Falls Paper Company brought an action in the city court of New York against the defendants, and there obtained an attachment, which

was levied upon the same property taken under that of the plaintiff. Thereafter the paper company moved to vacate the plaintiff's attachment. This motion was granted, and from the order granting the motion ·this appeal is taken.

From the memorandum filed by the learned justice at special term, it would appear that the decision of the motion was based upon two grounds: (1) That, the plaintiff having accepted the assignment, his obtaining of the attachment was a breach of trust; (2) that the affidavits to show fraud were insufficient to support the attachment. The respondent obtained its attachment in the city court of New York on two grounds: (1) that the defendants were nonresidents of the city of New York, and (2) that the defendants had assigned their property with intent to defraud their creditors. The attachment cannot be sustained on the first ground; for, under subdivision 3, § 3169, Code, to entitle the respondent to an attachment, it was necessary to show, not only that the defendants were nonresidents of the city of New York, but also that they had no office within that city where they regularly transacted business in person. The moving affidavits did not show this latter fact. The proof to support the second ground for the attachment was the same as that made by the plaintiff in this action, copies of the plaintiff's affidavits in this action being attached to the moving papers in the city court action. It follows that, if the plaintiff's attachment was bad, because his papers were insufficient to show that the assignment was fraudulent, the paper company's attachment was equally faulty in this respect. The very first thing required to give the paper company a standing to make its motion was that it had acquired a valid lien upon the property. If the first ground on which the plaintiff's attachment was dissolved was well taken, then the paper company's motion should have been denied, because in such case it had no valid lien.

We think that the paper company could not complain that the action of the plaintiff in obtaining his attachment was a breach of trust. It does not claim under the assignment, but in hostility thereto. It cannot champion the rights of the beneficiaries under that assignment, especially as the assertion of those rights is in no way to inure to the benefit of the beneficiaries, but solely to the advantage of the paper company. We know of no principle on which any but the cestui que trust can complain of a breach of trust. If the action of the plaintiff was a breach of trust, he will be compelled to account to his cestui que trust for the proceeds of his attachment. This will be of far more advantage to the latter than that the paper company should take such proceeds. We, however, do not now decide that the plaintiff's action was a breach of trust under the circumstances of this case. We leave that question to be determined when it arises between the plaintiff and the parties claiming under the assignment. We now merely decide that the matter does not concern the paper company.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.